UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT P. HEATHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-3130 |
| | ) | |
| JAMES BROWN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Vandalia Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he pleaded guilty in 1993 to a criminal offense that required registration under the Illinois Sex Offender Registration Act (SORA) with the understanding that he would only be required to register as a sex offender for ten years. Plaintiff alleges that he is

still required to comply with SORA, and that if he had known he would still be required to do so, he would not have entered his guilty plea.

Plaintiff names as defendants a Quincy, Illinois police officer, two members of the Illinois State Police, the Illinois Attorney General, and several John Does. Plaintiff alleges that Defendants have forced him to comply with SORA provisions that were not in effect in 1993, that publication of his personal information on a "public access site" (presumably the Illinois Sex Offender Registry website) places him and his family in danger of hate crimes and discrimination, and that Defendants' enforcement of SORA amounts to unconstitutional punishment. Plaintiff that Defendant Brown arrested him in 2022 for violating SORA's provisions. Online records from the Illinois Department of Corrections indicate that Plaintiff is currently serving a sentence for SORA violation.

Claims brought in Illinois pursuant to 42 U.S.C. § 1983 have a two-year statute of limitations, and any claims Plaintiff alleges that arise before 2021 are time-barred. *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017). His allegations that SORA does not apply to his situation necessarily imply the invalidity of the conviction for which he is currently serving a sentence, and unless and until he successfully challenges that conviction in a habeas corpus proceeding, he does not have a valid cause of action under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody).

The Court finds that Plaintiff fails to state claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the

opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's motion for counsel [4] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel.** *Pruitt v. Mote*, **503 F.3d 647, 654-55 (7th Cir. 2007);** *Eagan v. Dempsey*, **987 F.3d 667, 682 (7th Cir. 2021). This typically requires writing to several lawyers and attaching the responses.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 10th day of August, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE