UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT P. HEATHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-3130 |
| | ) | |
| JAMES BROWN, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 14). The motion is granted.

The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he pleaded guilty in 1993 to a criminal offense that required registration under the Illinois Sex Offender Registration Act (SORA). Plaintiff alleges that SORA amendments that were enacted after 1993 are being retroactively applied to him to require

lifetime registration by Defendants in violation of the *ex post facto* clause.  Plaintiff names as defendants a Quincy, Illinois police officer, two members of the Illinois State Police, the Illinois Attorney General, and the Illinois Governor.  Plaintiff alleges that Defendants have forced him to comply with SORA provisions that were not in effect in 1993, that publication of his personal information on a "public access site" (presumably the Illinois Sex Offender Registry website) places him and his family in danger of hate crimes and discrimination, and that Defendants' enforcement of SORA amounts to unconstitutional punishment, that he is not able to practice his religion because children are present at the church he would want to attend.

Plaintiff alleges that Defendant Brown arrested him in 2022 for violating SORA's provisions.  Plaintiff alleges that he was supposed to be released in March 2022 and placed in a substance abuse treatment facility, but Defendant Brown refused to release him unless he paid his $100.00 fee for sex offender registration.  Online records from the Illinois Department of Corrections indicate that Plaintiff is currently serving a sentence for SORA violation.  Plaintiff seeks damages and an injunction from future enforcement of SORA registration requirements by the Defendants.

Claims brought in Illinois pursuant to 42 U.S.C. § 1983 have a two-year statute of limitations, and any claims Plaintiff alleges that arise before 2021 are time-barred.  *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017).  Further, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. . . ."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Id*. at 489.

Plaintiff states that he is not seeking relief from his current imprisonment, but from any future charges for failure to comply with SORA. However, even if Plaintiff is not technically seeking release from his current imprisonment, his claims would still necessarily imply that his current conviction is invalid. *See Kitterman v. Newton*, 721 F. App'x 522, 523 (7th Cir. 2018) (affirming district court's order that explained that any ruling that the Plaintiff's constitutional rights were violated when his SORA registration requirement was extended "would necessarily imply that he should not have been convicted and imprisoned for failing to register," making his claims *Heck*-barred). Accordingly, the Court finds that Plaintiff's complaint must be dismissed for failing to state a cause of action.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint [14] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to the motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 4th day of March, 2024.

                        /s/ *Sara Darrow*
                        SARA DARROW
                        CHIEF U.S. DISTRICT JUDGE